UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

NEW YORK LIFE INSURANCE COMPANY,

                Plaintiff,

                                                        MEMORANDUM & ORDER
           v.                              10-CV-2711 (PKC) (GRB)

CLARASUE S. KETTENBEIL, CARLEEN M.
DORFMAN, SANDRA A. GUTFLEISCH,
FRED M. KETTENBEIL, ROBERT T.
KETTENBEIL, MICHAEL B. KETTENBEIL,
THE ESTATE OF ALFRED A. KETTENBEIL,

                Defendants.

----------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

The Court hereby issues this Memorandum & Order to provide notice to the parties that it intends to grant summary judgment pursuant to Rule 56(f)(3) of the Federal Rules of Civil Procedure in favor of Defendant The Estate of Alfred A. Kettenbeil, and dismiss this action with prejudice, if the parties fail to come forward with evidence that there is a genuine dispute as to a material fact in this case. The result of such judgment would be the release of the death benefit deposited by New York Life Insurance Company ("New York Life"), and currently being held by the Clerk of the Court, to the estate of Alfred A. Kettenbeil, the deceased insured whose life insurance policy is at issue in this matter. The only material fact in this case is the identity of the beneficiary under Alfred Kettenbeil's life insurance policy. Accordingly, the parties are ordered to come forward with any evidence regarding the beneficiary's identity on or before September 2, 2013.

1

**Background**

I.      *Relevant Facts*

The uncontested record reveals the following facts.[1]  On July 16, 1981, New York Life issued a life insurance policy to Alfred A. Kettenbeil.  Complaint ¶ 11.  New York Life's records show that the insured designated a beneficiary under the policy in 1982, *id*. ¶ 12, but the beneficiary cannot be determined because the 'Beneficiary Change Form' is missing.  *Id*. ¶ 16.  The insured passed away on March 21, 2008.  *Id*. ¶ 13; *see also id*. Ex. C.  The policy entitles the beneficiary to a death benefit in the amount of $73, 592.72, *id*. ¶ 14, plus interest compounded annually at a rate of no less than 3.5 percent from the date of the insured's death until payment.  *Id.* Ex. A.  Clarasue Kettennbeil, Alfred Kettenbeil's widow, made a claim for the death benefit on April 3, 2008.  *Id*. ¶ 15.  Apparently at Clarasue Kettenbeil's request, three of the insured's children—Fred M. Kettenbeil, Robert T. Kettenbeil, and Michael B. Kettenbeil—signed forms disavowing any interest in the death benefit.  *Id*. ¶ 19.  Two of the insured's other children, Carleen M. Dorfman ("Ms. Dorfman") and Sandra A. Gutfleisch ("Ms. Gutfleisch") asserted their interests in the death benefit.  *Id*. ¶ 20.

New York Life filed this action[2] on June 15, 2010, seeking, in sum, that it be permitted to deposit the amount of the death benefit plus any interest with the Court; that the defendants litigate their purported interests in the death benefit amongst themselves; that plaintiff be discharged from further liability; and that the defendants be enjoined from initiating proceedings in any other state or federal court affecting the death benefit.  *Id*. at 6.  Ms. Dorfman and Ms.

---

[1] This summary of undisputed facts is taken from the Report and Recommendation of the Honorable Gary R. Brown (Dkt. No. 28), which was adopted by the then-presiding district court judge, the Honorable Leonard D. Wexler.  (Order dated February 14, 2013).

[2]  New York Life named Clarasue Kettenbeil, all five Kettenbeil children and the Estate of Alfred A. Kettenbeil as the defendants in this action.

Gutfleisch each answered the complaint, each confirming the above facts in their entirety. *See* (Dkt. Nos. 3 and 12). Judge Wexler entered default judgment against the other individual defendants (Order of Default Judgment, March 21, 2011, Dkt. No. 13), but subsequently set aside such default as to Clarasue Kettenbeil. (Order adopting Report and Recommendations, Jan. 12, 2012).

On February 14, 2013, Judge Wexler, adopting Magistrate Judge Brown's Report and Recommendation of October 17, 2012, ordered the relief sought in New York Life's complaint, namely: (a) that New York Life pay to the Clerk of Court the death benefit from Alfred Kettenbeil's life insurance policy, plus appropriate interest from March 21, 2008 through the date of payment; (b) that upon payment of the death benefit and appropriate interest to the Court, New York Life be discharged from any further liability on the death benefit and interest, and that it be dismissed from this action; and (c) that claimants were enjoined from pursuing any further civil action against New York Life affecting the death benefit and interest.[3] Judge Wexler also denied Clarasue Kettenbeil's cross-motion requesting that New York Life pay the death benefit to her, as executrix of Alfred Kettenbeil's estate. On April 18, 2013, this matter was re-assigned to the undersigned.

II.     *July 30, 2013, Pretrial Conference*

The Court held a pretrial conference on July 30, 2013. Counsel for Clarasue Kettenbeil, Theodore Sklar, appeared, as did Ms. Gutfleisch and Ms. Dorfman, each on their own behalf. At the hearing, the Court advised the parties that the Court is considering summary judgment in

---

[3] However, as Judge Wexler noted, the injunction is limited to actions on the stake itself; and the dismissal of New York Life is without prejudice to a properly pleaded counterclaim.

favor of the estate because it appears undisputed that, given the lost Beneficiary Change Form, the identity of the designated beneficiary to Alfred Kettenbeil's insurance policy cannot be proved. All parties confirmed that this is accurate, and that no party intends to offer any evidence at trial regarding the identity of the beneficiary. Clarasue Kettenbeil's counsel also stated that she is no longer seeking to have the death benefit paid directly to her.

The Court explained that, absent evidence of the true beneficiary, the terms of the subject insurance policy dictate that the death benefit goes to Alfred Kettenbeil's estate and that the defendants would have to pursue any challenge to the distribution of the death benefit as part of the estate in state probate court.

Counsel for Clarasue Kettenbeil agreed that this would be the appropriate outcome. Ms. Dorfman and Ms. Gutfleisch, though vociferously opposed to this result, conceded that they do not possess, and would not be able to furnish, any evidence that they are entitled to the death benefit under the insurance policy. The Court notified the parties that it was strongly considering granting summary judgment.

**Discussion**

This case was initiated by New York Life via an interpleader complaint. Complaint ¶ 1. The Court's jurisdiction over this action is based on the diversity of the parties. *Id*. ¶¶ 1-8, 10; 28 U.S.C. § 1335. The Court's jurisdiction, however, extends only to the contractual dispute over who is entitled to the death benefit under Alfred Kettenbeil's insurance policy, and not to any contest over his estate, which should be resolved in state probate court. *New York Life Ins. Co. v. Apostolidis*, 841 F. Supp. 2d 711, 719 (E.D.N.Y. 2012) (noting that the probate exception, which provides that a federal court has no jurisdiction to probate a will or administer an estate,

4

was inapplicable to the court's determination of the proper beneficiary of a life insurance policy) (citing *Dulce v. Dulce*, 233 F.3d 143 (2d Cir. 2000)).

Alfred Kettenbeil's life insurance policy provides, in relevant part:

"If no beneficiary for the life insurance proceeds, or for a stated share, survives the insured, the right to these proceeds or this share will pass to you [the owner of the policy]. *If you are the Insured, this right will pass to your estate*." (Complaint, Ex. A at 4) (emphasis added).

As discussed, it appears the identity of the beneficiary under Alfred Kettenbeil's insurance policy cannot be determined. There is, therefore, no beneficiary under the policy, and the above provision is triggered. Because Alfred Kettenbeil was the policy owner and insured, the death benefit must pass to his estate.

However, out of respect for the procedural protections afforded to non-moving parties on summary judgment, this Court will give all parties one month to come forward with any evidence demonstrating why summary judgment should not be granted. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Despite this Court's discretion to grant summary judgment *sua sponte*, *see e.g., Brigdgeway Corp. v. Citibank*, 201 F.3d 134, 139 (2d Cir. 2000), and despite repeated solicitations for evidence at the aforementioned pretrial conference, the Court grants the parties, specifically Ms. Dorfman and Ms. Gutfleisch, additional time to ensure that they have a full and fair opportunity to raise a genuine issue of material fact to be tried. *See Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2011); *Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Int'l Corp.,* 401 F.3d 28, 33 (2d Cir. 2005).

## Conclusion

The parties are on notice that the Court intends to enter summary judgment in favor of the estate of Alfred A. Kettenbeil, if no party comes forward with evidence that there is a genuine dispute as to the sole material fact in this matter, namely the identity of the beneficiary of the life insurance policy of Alfred A. Kettenbeil. Therefore, the parties are hereby ordered to come forward with any such evidence on or before September 2, 2013.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: August 1, 2013
       Brooklyn, New York