UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

NEW YORK LIFE INSURANCE COMPANY,

                 Plaintiff,

                                                             MEMORANDUM & ORDER
           v.                                        10-CV-2711 (PKC) (GRB)

CLARASUE S. KETTENBEIL, CARLEEN M.
DORFMAN, SANDRA A. GUTFLEISCH,
FRED M. KETTENBEIL, ROBERT T.
KETTENBEIL, MICHAEL B. KETTENBEIL,
THE ESTATE OF ALFRED A. KETTENBEIL,

                 Defendants.

----------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      Alfred A. Kettenbeil held a life insurance policy ("Policy") with New York Life Insurance Company ("New York Life").  Upon his passing, Clarasue Kettenbeil, Colleen Dorman ("Ms. Dorfman"), and Sandra Gutfleisch ("Ms. Gutfleisch") each asserted their interests in the death benefit under Alfred Kettenbeil's Policy.  New York Life brought this interpleader action seeking to deposit the amount owed under the policy with the Court, extract itself from the litigation, and allow the defendants to litigate their purported interests in the death benefit amongst themselves.  New York Life was granted such relief.

      The only material fact left in this case is who is entitled to the death benefit under the Policy.  On August 1, 2013, the Court notified the parties that were they unable come forward with evidence by September 2, 2013, identifying a genuine dispute as to that material fact, the Court would be obliged to grant summary judgment pursuant to Rule 56(f)(3) of the Federal Rules of Civil Procedure in favor of Defendant The Estate of Alfred A. Kettenbeil (the "Estate").

1

No party has made or even attempted to make such a presentation. The Court therefore grants summary judgment in favor of the Estate.

## Background

I.  *Relevant Facts*

The uncontested record reveals the following facts. On July 16, 1981, New York Life issued a life insurance policy to Alfred A. Kettenbeil. Complaint ¶ 11. New York Life's records show that the insured designated a beneficiary under the policy in 1982, *id*. ¶ 12, but the beneficiary cannot be determined because the 'Beneficiary Change Form' is missing. *Id*. ¶ 16. The insured passed away on March 21, 2008. *Id*. ¶ 13; *see also id*. Ex. C. The policy entitles the beneficiary to a death benefit in the amount of $73, 592.72, *id*. ¶ 14, plus interest compounded annually at a rate of no less than 3.5 percent from the date of the insured's death until payment. *Id.* Ex. A. Clarasue Kettenbeil, Alfred Kettenbeil's widow, made a claim for the death benefit on April 3, 2008. *Id*. ¶ 15. Apparently at Clarasue Kettenbeil's request, three of the insured's children—Fred M. Kettenbeil, Robert T. Kettenbeil, and Michael B. Kettenbeil—signed forms disavowing any interest in the death benefit. *Id*. ¶ 19. Two of the insured's other children, Carleen M. Dorfman ("Ms. Dorfman") and Sandra A. Gutfleisch ("Ms. Gutfleisch") asserted their interests in the death benefit. *Id*. ¶ 20.

New York Life filed this action[1] on June 15, 2010, seeking, in sum, that it be permitted to deposit the amount of the death benefit plus any interest with the Court; that the defendants litigate their purported interests in the death benefit amongst themselves; that plaintiff be discharged from further liability; and that the defendants be enjoined from initiating proceedings

---

[1]   New York Life named Clarasue Kettenbeil, all five Kettenbeil children, and the Estate of Alfred A. Kettenbeil as the defendants in this action.

in any other state or federal court affecting the death benefit. *Id*. at 6. Ms. Dorfman and Ms. Gutfleisch each answered the complaint, each confirming the above facts in their entirety. *See* (Dkt. Nos. 3 and 12). Judge Wexler entered default judgment against the other individual defendants (Order of Default Judgment, March 21, 2011, Dkt. No. 13), but subsequently set aside such default as to Clarasue Kettenbeil. (Order adopting Report and Recommendations, Jan. 12, 2012).

On February 14, 2013, Judge Wexler, adopting Magistrate Judge Brown's Report and Recommendation of October 17, 2012, ordered the relief sought in New York Life's complaint, namely: (a) that New York Life pay to the Clerk of Court the death benefit from Alfred Kettenbeil's life insurance policy, plus appropriate interest from March 21, 2008 through the date of payment; (b) that upon payment of the death benefit and appropriate interest to the Court, New York Life be discharged from any further liability on the death benefit and interest, and that it be dismissed from this action; and (c) that claimants were enjoined from pursuing any further civil action against New York Life affecting the death benefit and interest.[2] Judge Wexler also denied Clarasue Kettenbeil's cross-motion requesting that New York Life pay the death benefit to her, as executrix of Alfred Kettenbeil's estate.

On April 18, 2013, this matter was re-assigned to the undersigned. Magistrate Judge Brown deemed the case ready for trial on July 17, 2013.

II.   *July 30, 2013, Pretrial Conference*

The Court held a pretrial conference on July 30, 2013. At the hearing, the Court advised the parties that summary judgment in favor of the Estate might be appropriate given the

---

[2]   However, as Judge Wexler noted, the injunction is limited to actions on the stake itself; and the dismissal of New York Life is without prejudice to a properly pleaded counterclaim.

absence of the "Beneficiary Change Form" and any other relevant evidence regarding the identity of the beneficiary. Ms. Dorfman and Ms. Gutfleisch confirmed that they possessed no evidence that they were designated as the beneficiaries under the Policy and did not intend to offer any such evidence at trial.[3]

The Court explained that, absent evidence of the true beneficiary, the terms of the subject insurance policy dictate that the death benefit goes to the Estate and that the defendants would have to pursue any challenge to the distribution of the death benefit as part of the Estate in state probate court. Ms. Dorfman and Ms. Gutfleisch vociferously opposed this result—because their step-mother, Clarasue Kettenbeil, is the administrator of the Estate—while again conceding that they would not be able to furnish any evidence that they are entitled to the death benefit under the Policy.

III.  *Subsequent Events*

On August 1, 2013, the Court hereby issued a Memorandum & Order notifying the parties that were they unable to come forward with evidence regarding the true beneficiary under the Policy by September 2, 2013, it would grant summary judgment pursuant to Rule 56(f)(3) of the Federal Rules of Civil Procedure in favor of the Estate. *See New York Life Insurance Co.,* v. *Clarasue S. Kettenbeil et al.,* 10-cv-2711 (PKC) (GRB) (E.D.N.Y. Aug. 1, 2013). The Court explained why, absent evidence, the death benefit would pass to the Estate:

"The Court's jurisdiction over this action is based on the diversity of the parties. *Id.* ¶¶ 1-8, 10; 28 U.S.C. § 1335. The Court's jurisdiction, however, extends only to the contractual dispute over who is entitled to the death benefit under Alfred Kettenbeil's insurance policy, and

---

[3]  In fact, the only evidence Ms. Dorfman and Ms. Gutfleisch intended to present at all was a letter from Alfred Kettenbeil to Ms. Dorfman which tended to show that the two had mended a previously wounded relationship. Dkt. 51. Ms. Dorfman conceded that the letter did not concern Alfred Kettenbeil's life insurance policy.

4

not to any contest over his estate, which should be resolved in state probate court. *New York Life Ins. Co. v. Apostolidis*, 841 F. Supp. 2d 711, 719 (E.D.N.Y. 2012) (noting that the probate exception, which provides that a federal court has no jurisdiction to probate a will or administer an estate, was inapplicable to the court's determination of the proper beneficiary of a life insurance policy) (citing *Dulce v. Dulce*, 233 F.3d 143 (2d Cir. 2000)).

Alfred Kettenbeil's life insurance policy provides, in relevant part:

> 'If no beneficiary for the life insurance proceeds, or for a stated share, survives the insured, the right to these proceeds or this share will pass to you [the owner of the policy]. *If you are the Insured, this right will pass to your estate.*' (Complaint, Ex. A at 4) (emphasis added).

As discussed, it appears the identity of the beneficiary under Alfred Kettenbeil's insurance policy cannot be determined. There is, therefore, no beneficiary under the policy, and the above provision is triggered. Because Alfred Kettenbeil was the policy owner and insured, the death benefit must pass to his estate." *Id.* at 5.

However, "out of respect for the procedural protections afforded to non-moving parties on summary judgment," the Court gave all parties until September 2, 2013, to present any evidence demonstrating why summary judgment should not be entered in favor of the Estate. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)).[4]

Neither Ms. Dorfman nor Ms. Gutfleisch—the only parties that object to the death benefit going to the Estate—attempted to present such evidence. Ms. Dorfman did, however, file a notice of interlocutory appeal (Dkt. 55) of this Court's August 1, 2013 Order and a motion for leave to appeal *in forma pauperis*. Dkt. 54.

---

[4] The Court also wrote: "Despite this Court's discretion to grant summary judgment *sua sponte*, *see e.g., Brigdgeway Corp. v. Citibank*, 201 F.3d 134, 139 (2d Cir. 2000), and despite repeated solicitations for evidence at the aforementioned pretrial conference, the Court grants the parties, specifically Ms. Dorfman and Ms. Gutfleisch, additional time to ensure that they have a full and fair opportunity to raise a genuine issue of material fact to be tried. *See Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2011); *Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Int'l Corp.,* 401 F.3d 28, 33 (2d Cir. 2005)."

**Discussion**

I.   *Summary Judgment for the Estate*

A court may grant summary judgment, where appropriate, *sua sponte* after giving the party against which the court is contemplating such a decision notice and an opportunity to present evidence and arguments in opposition.[5]  *See NetJets Aviation, Inc. v. LHC Commc'ns, LLC,* 537 F.3d 168, 178 (2d Cir. 2008); *accord Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Int'l Corp.,* 401 F.3d 28, 33 (2d Cir.2005); *B.F. Goodrich v. Betkoski,* 99 F.3d 505, 531 (2d Cir.1996).  In such situations, the court "is required to view the record in the light most favorable to the party against which summary judgment is contemplated and to resolve all ambiguities and draw all factual inferences in favor of that party." *NetJets Aviation, Inc.,* 537 F.3d at 178.  Summary judgment is appropriate if the evidence is such that a reasonable jury could not return a verdict in favor of the party against which summary judgment is granted. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986).

---

[5]   Ms. Dorfman has attempted to appeal a non-final order to the Second Circuit.  This Court, however, retains jurisdiction because a party may not appeal a non-final order without first obtaining a certificate of appealability from this Court.  *See Hoffenberg,* 2004 WL 2338144, at *2–3.  Even construing Ms. Dorfman's notice of appeal as a motion for a certificate of appealability under 28 U.S.C. § 1292(b) provides her no relief.  Ms. Dorfman attempts to appeal an order directing the parties to come forward with relevant evidence; it does not involve a "controlling question of law[.]" *See* 28 U.S.C. § 1292(b) (requiring that the order "involves a controlling question of law," as to which (2) "there is substantial ground for difference of opinion," and that (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation.").  Such motion is therefore denied.  *See Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865–66 (2d Cir. 1996).

Ms. Dorfman and Ms. Gutfleisch oppose summary judgment in favor of the Estate.[6] The Court has afforded Ms. Dorfman and Ms. Gutfleisch every opportunity to present evidence or argument that there exists a genuine dispute about the identity of the death beneficiary under the Policy. Discovery has been completed, and the parties are set to proceed to trial without any evidence regarding the beneficiary's identity. As it stands, no reasonable jury could find in favor of Ms. Dorfman and Ms. Gutfleisch when, by their own admission, they cannot offer a shred of evidence that tends to demonstrate they are entitled to the death benefit under the Policy. *See Anderson*, 477 U.S. at 248. Based on their own representations, there is no further process this Court could afford that would enable them to present such evidence. The Court therefore enters summary judgment in favor of the Estate. *See Schwan-Stabilo Cosmetics GmbH & Co*, 401 F.3d at 33; *see also Celotex*, 477 U.S. at 326 (observing that "district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*, so long as the losing party was on notice that [it] had to come forward with all of its evidence.").

## Conclusion

The Court enters summary judgment in favor of the estate of Alfred A. Kettenbeil because no party has, or evidently can, come forward with evidence that there is a genuine dispute as to the sole material fact in this matter, namely the identity of the beneficiary under the Policy. The Clerk of the Court is directed to release the death benefit deposited by New York Life to the Estate. Ms. Dorfman's motion to file an interlocutory appeal *in forma pauperis* is denied pursuant to 28 U.S.C. § 1915(a)(3), as such an appeal would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[6] Ms. Dorfman believes that Alfred Kettenbeil's will has been altered or contrived by her step-mother, Clarasue Kettenbeil, or at her direction. Dkt. 46. The merits of this allegation are outside this Court's jurisdiction. *New York Life Ins. Co.* 841 F. Supp. 2d, at 719.

SO ORDERED

  /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: September 6, 2013
       Brooklyn, New York